GASKINS, J.
 

 | ,The plaintiff, Sammie Jo Baker, appeals a ruling of a workers’ compensation judge (WCJ) finding that she willfully made false representations regarding a claim for workers’ compensation benefits and that, as a result, under La. R.S. 23:1208, she forfeited all right to those benefits. The defendant, Dollar Tree Stores (Dollar Tree), has answered the appeal, arguing that the WCJ erred in finding that the plaintiff had an accident in the course and scope of her employment at Dollar Tree on or about October 9, 2007. For the following reasons, we affirm.
 

 FACTS
 

 Ms. Baker was employed by Dollar Tree as a freight manager. She was responsible for unloading trucks and stocking the stoi’e with merchandise. Trucks generally held several hundred boxes weighing as much as 100 pounds each. Ms. Baker stated that she personalty engaged in the manual labor necessary to unload the trucks. She had one assistant to aid her.
 

 In March or April 2007, Ms. Baker claimed that she pulled a muscle in her back while working at Dollar Tree. This injury is not the basis of the present suit. It was not reported as a work-related accident and no workers’ compensation claim was made. Ms. Baker used her regular medical insurance to pay for her care. At that time, Ms. Baker saw her family physician, Dr. David A. Yarbrough. An MRI of her spine was ordered and she was referred to an orthopedic surgeon, Dr. Scott McClelland. Dr. McClelland prescribed medication and three weeks of physical therapy. Ms. Baker returned to work with no restrictions.
 

 (2On October 9, 2007, Ms. Baker claimed that she lifted a 40 to 50 pound box of merchandise and put it down on the floor of the store. She heard her back pop and immediately felt pain in her back and leg. This is the injury concerned in this case. Her assistant was not in view when the injury occurred.
 

 Ms. Baker told her store manager that she hurt her back. The manager asked her to finish the day. The next morning, she unlocked the store and when the manager arrived, Ms. Baker went to Dr. Yar-brough’s office. Another MRI was ordered. On October 11, 2007, an accident report was completed by Dollar Tree and the matter was handled as a workers’ compensation claim. After the MRI, Ms. Baker was referred to a neurosurgeon. She did not see him because the workers’ compensation insurance adjuster refused the claim on the basis that this was a preexisting condition.
 

 On November 6, 2007, Ms. Baker filed a disputed claim for compensation, asserting that Dollar Tree refused to pay temporary total disability benefits and/or supplemen
 
 *357
 
 tal earnings benefits, as well as medical benefits. She sought penalties and attorney fees.
 

 Dollar Tree filed a reconventional demand claiming that Ms. Baker did not truthfully reveal her medical treatment for back injuries prior to April 2007, and therefore must forfeit any claim for benefits for violation of La. R.S. 23:1208.
 

 Trial on this matter was held on August 20, 2008. Ms. Baker testified regarding her injury in March or April 2007 and the injury upon which this |sclaim is based, which occurred in October 2007. She stated that, since the October accident, she has had consistent, severe back pain which radiates down both legs. She said that she can’t stand or sit for very long and lying down doesn’t give her any relief. She stated that she cannot play with her three children and has to take someone with her when she goes to the grocery store. She has not worked since shortly after the injury. Ms. Baker contends that she remains unable to work.
 

 Dollar Tree argued at trial that Ms. Baker was not truthful in her deposition testimony and in answers to interrogatories about the onset and duration of her complaints with her back. In her deposition, Ms. Baker outlined her extensive work history and stated that she had never been injured at woi*k prior to her first injury at Dollar Tree in March or April 2007. She also stated numerous times that she had never been treated for back pain before her injuries at Dollar Tree in 2007. However, her medical records showed that she had longstanding complaints of back and leg pain and she sought treatment in 2005 and in December 2006 through January 2007.
 

 On November 12, 2008, the WCJ made an oral ruling in this matter. The WCJ found that Ms. Baker was injured while working in the course and scope of her employment on October 9, 2007. The WCJ then addressed the issue of fraud under La. R.S. 23:1208. The WCJ observed that Ms. Baker testified in her deposition that she never went to a doctor for complaints of back pain before April 2007. She also failed in answers to interrogatories to mention any back injuries within the past 10 years.
 

 1 ,The WCJ noted that the claimant’s deposition answers are in clear contrast to the medical records showing that she had back pain for several years prior to the present injury. The WCJ found that the false statements were not inadvertent or insignificant. This was the same physical complaint attributed to the alleged injury. The questions posed were straightforward and not subject to any misunderstanding by the claimant. The WCJ determined that Ms. Baker’s answers were not due to a lapse in memory.
 

 The WCJ found that Ms. Baker committed fraud within the definition of La. R.S. 23:1208 and, as a result, forfeited her right to workers’ compensation benefits. The case was dismissed with prejudice. Ms. Baker appealed. Dollar Tree answered the appeal, arguing that the WCJ erred in finding that Ms. Baker was injured in the course and scope of her employment.
 

 FRAUD
 

 On appeal, Ms. Baker argues that the WCJ erred in finding that she committed fraud under La. R.S. 23:1208 and thereby forfeited her right to workers’ compensation benefits. This argument is without merit.
 

 Legal Principles
 

 Misrepresentation and forfeiture under the Workers’ Compensation Act are regulated by La. R.S. 23:1208 which states, in pertinent part:
 

 
 *358
 
 A. It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.
 

 |-E. Any employee violating this Section shall, upon determination by workers’ compensation judge, forfeit any right to compensation benefits under this Chapter.
 

 The only requirements for a forfeiture of benefits under this statute are: (1) a false statement or representation; (2) willfully made; and (3) made for the purpose of obtaining or defeating any benefit or payment.
 
 Resweber v. Haroil Construction Company,
 
 1994-2708 (La.9/5/95), 660 So.2d 7;
 
 Thomas v. Hollywood Casino,
 
 44,271 (La.App. 2d Cir.5/13/2009), 13 So.3d 717. All three requirements must be present before a penalty will be imposed.
 
 Gilcrease v. Wal-Mart Stores, Inc.,
 
 36,523 (La.App. 2d Cir.12/11/02), 843 So.2d 415. There is no requirement of prejudice to the employer; when the statute is satisfied, benefits will be forfeited for the sole reason that the claimant has willfully and deliberately attempted to defraud the workers’ compensation system, and no further requirements are to be imposed.
 
 Freeman v. Chase,
 
 42,716 (La.App. 2d Cir.12/5/07), 974 So.2d 25. See also
 
 Franklin v. HealthSouth,
 
 41,458 (La.App. 2d Cir.9/20/06), 940 So.2d 83.
 

 Forfeiture is a harsh remedy and must be strictly construed. An inadvertent and inconsequential false statement will not result in forfeiture of benefits. La. R.S. 23:1208 does not penalize any false statement, but only those willfully made for the purpose of obtaining benefits. The relationship between the false statement and the pending claim will be probative in determining whether the statement was made willfully for the purpose of obtaining benefits.
 
 Slater v. Mid-South Extrusion,
 
 43,343 (La.App. 2d Cir.8/13/08), 989 So.2d 252.
 

 | r,The WCJ’s finding or denial of forfeiture will not be disturbed on appeal absent manifest error.
 
 Thomas v. Hollywood Casino, supra; Slater v. Mid-South Extrusion, supra.
 
 When there are two permissible views of the evidence, a fact-finder’s choice between them can never be manifestly erroneous or clearly wrong.
 
 Moore v. Transmissions, Inc.,
 
 41,472 (La.App. 2d Cir.9/27/06), 940 So.2d 694. Under this standard, if the findings are reasonable in light of the record reviewed in its entirety, an appellate court may not reverse even though convinced that, had it been sitting as the trier of fact, it would have weighed the evidence differently.
 
 Baker v. Stanley Evans Logging,
 
 42,156 (La.App. 2d Cir.6/20/07), 960 So.2d 351,
 
 writ denied,
 
 2007-1817 (La.12/14/07), 970 So.2d 533;
 
 Hubbard v. Allied Building Stores, Inc.,
 
 41,534 (La.App. 2d Cir.11/1/06), 942 So.2d 639.
 

 Discussion
 

 Ms. Baker contends that she did not willfully attempt to deceive the WCJ in order to receive benefits. She points out that MRIs, taken six months before and six days after the present injury, show that she was injured and that the injury occurred at work. She claims that defense counsel picked out certain points in the deposition in an attempt to show deception. She urges that, if the deposition is considered as a whole and in context, it is clear that she was not trying to mislead anyone.
 

 In her deposition, the following exchange occurred regarding whether Ms.
 
 *359
 
 Baker had ever sought treatment for back pain before April 2007:
 

 Q. Okay. Now, you allege that you injured your back in April, 2007; is that correct?
 

 A. Yes, sir.
 

 |7Q. Okay, Did you ever have to go to the doctor for complaints of back pain before April, 2007?
 

 A. Not that I can remember.
 

 Q. Okay. So you’ve never gone to seek medical treatment for back pain before April, 2007?
 

 A. You’re confusing me here.
 

 Q. Okay. That’s all right. I just want to — ■
 

 A. You’re moving fast.
 

 Q. Okay.
 

 A. Before April of — I have been to a chiropractor and it was around December of '06.
 

 Q. Okay. And what—
 

 A. It was just for an adjustment. It wasn’t for an injury.
 

 Q. Okay. What doctor was that?
 

 A. Eli, and I don’t remember his last name. He’s in Bastrop. Bastrop? Yeah, I think it’s Bastrop is where he’s located.
 

 Q. E—
 

 A. E-L-I.
 

 Q. Eli, and he’s a chiropractor?
 

 A. Yes, sir.
 

 Q. And you said you went to him on one occasion?
 

 A. I think I went to him, I think, two or three times, if I’m not mistaken.
 

 Q. Okay. And what’s the reason you went to Dr. Eli?
 

 A. For adjustments through my neck.
 

 Q. Did you have neck pain at the time?
 

 Is A. Well, I wasn’t really — it was more like a erink in your neck like if you slept the wrong way.
 

 Q. Okay. But you didn’t have any kind of treatment for your back?
 

 A. No.
 

 Q. Okay. So it’s fair to say that before April, 2007 you never went to a doctor for complaints of back pain?
 

 A. Not for my back, no.
 

 Later in her deposition, Ms. Baker was asked, “Have you ever treated with a doctor before for pain running down your legs?” She said, “No.” As a follow-up question, Ms. Baker was questioned, “And just to be clear for the record, before your April, '07 incident where you went to Dr. Yarbrough, you had never treated with a doctor for back pain, correct?” She stated, “Not that I recall, that’s right.”
 

 Dollar Tree propounded interrogatories to Ms. Baker asking for information on any accidental injuries, diseases, disabilities, physical defects, or abnormalities of any nature for the 10-year period prior to the October injury. Ms. Baker listed a history of various ailments, but did not include treatment she had received for her back.
 

 Ms. Baker’s medical records actually showed that she treated with Dr. Dhaya Narendra Kutnikar, a family practice physician, for back pain in May 2005. She also complained that her right knee popped. She stated in the medical records that she had low back pain for quite a while and had been to a chiropractor. Dr. Kutnikar found tenderness at the L4-5 level of Ms. Baker’s back.
 

 |t)In December 2006, Ms. Baker went to Dr. Eliah Globke, a chiropractor, complaining of low back pain, right leg pain, numbness in her right thigh, neck pain, upper back pain, and headache. Ms. Baker told Dr. Globke about consulting with Dr. Kut-
 
 *360
 
 nikar. She stated in her medical history that she had been experiencing back problems off and on for about two years, which had been getting progressively worse. She was diagnosed with lumbar segmental dysfunction, thoracic segmental dysfunction, and cervical segmental dysfunction. She made seven visits to Dr. Globke between December 2006 and January 2007, listing back and leg pain as more significant than her neck pain.
 

 After her first injury at Dollar Tree in early 2007, Ms. Baker saw her family physician, Dr. Yarbrough, on March 20, 2007, complaining of low back pain radiating down both legs at times. She reported treating with a chiropractor, but got no relief. Ms. Baker saw Dr. Yarbrough again on March 30, 2007, and her back pain had not improved. An MRI was performed on April 4, 2007.
 

 Ms. Baker was referred to Dr. Scott McClelland, an orthopaedic surgeon. Ms. Baker saw Dr. McClelland on April 30, 2007. She told him that for the last three and one-half years, she had low back pain that went down into the coccygeal region and down the right leg. She described the pain as intermittent and said that it would occur a couple of times per month, last for three or four days, and then go away. She claimed that this time, the pain had come on and had been constant. She said that the pain started at the end of the previous year. She stated that she went to a | mchiropractor, but the pain became worse. She also complained of grinding about the right lateral hip. She was prescribed medication and physical therapy. Notably, Dr. McClelland’s records do not show that Ms. Baker ever told him about her alleged work injury at Dollar Tree in early 2007.
 

 On October 10, 2007, after the present accident, Ms. Baker returned to Dr. Yar-brough’s office. A note in her chart for that date indicates that her low back pain had not improved after physical therapy prescribed by Dr. McClelland. There is no reference to a work-related
 
 injury.
 

 When asked why she did not mention her prior treatment for back pain in her deposition, Ms. Baker testified at trial that she forgot about seeing Dr. Kutnikar in 2005 and that she did not recall the specific conditions for which she received chiropractic treatment. She claimed that she had no intent to deceive when, in her deposition testimony, she denied receiving treatment for back pain prior to April 2007.
 

 The record in this matter supports the WCJ’s finding that Ms. Baker violated La. R.S. 23:1208 by willfully making false statements for the purpose of receiving workers’ compensation benefits. Ms. Baker was repeatedly asked during her deposition whether she had ever sought medical treatment for back pain prior to her work injury around Easter 2007. The questions were clear and unambiguous. After her initial protestations of confusion, Ms. Baker consistently stated that she had not received any treatment for her back prior to April 2007. However, her medical records show that she had been experiencing back pain for several years prior to the alleged work-related injuries in 2007 at Dollar Tree. She had also |,[Complained of pain radiating down into her legs. She sought treatment with Dr. Kutnikar for back pain in May 2005. She then made numerous visits to Dr. Globke in December 2006 and January 2007 for treatment of back pain which she described as more significant than her neck pain. Ms. Baker’s complaints of back pain were persistent, significant, and predated any alleged injury at Dollar Tree. Further, her prior treatment was not so far removed in time from her alleged injury that she would have forgotten about it. Ms. Baker admitted receiving chiropractic treatment for
 
 *361
 
 her neck, but denied any treatment for her back, even though her medical records reflect that her complaints regarding her back and legs were more significant than those relating to her neck. Ms. Baker’s consistent misrepresentations about her prior medical history concerning back pain, the malady for which she now seeks workers’ compensation benefits, show that her statements were not inadvertent or inconsequential.
 

 Under the facts presented here, the WCJ did not err in finding that Ms. Baker violated La. R.S. 23:1208 and forfeited her right to workers’ compensation benefits.
 
 [1]
 

 CONCLUSION
 

 For the reasons stated above, we affirm the finding that the claimant, Sammie Jo Baker, violated La. R.S. 23:1208 and as a result, forfeited [ ^entitlement to any workers’ compensation benefits. Costs in this court are assessed to Ms. Baker.
 

 AFFIRMED.
 

 [1]
 

 . Ms. Baker also argues on appeal that the WCJ erred in refusing to award her benefits, penalties, and attorney fees. Dollar Tree answered the appeal, arguing that if this court reversed on the issue of fraud, that the WCJ erred in finding that Ms. Baker suffered an accident in the course and scope of her employment. Because we affirm the WCJ's finding regarding fraud in this case, and forfeiture of workers’ compensation benefits, we do not reach consideration of these issues.